| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>**Kevin Tang**<br>**Tang & Associates**<br>**18377 Beach Blvd, Suite 211**<br>**Huntington Beach, CA 92648**<br>**714-594-7022 Fax: 714-594-7024**<br>**SBN: 291051**<br>**kevin@tang-associates.com**<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for: Debtor and Debtor In Possession* | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION** ||
| In re:<br><br>        **Amir Elosseini**<br><br><br>                                            Debtor(s). | CASE NO.: 1:17-bk-13142-VK<br><br>CHAPTER: 11<br><br>**INDIVIDUAL DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>DATE:  **TBD**<br>TIME:   **TBD**<br>COURTROOM:  **301**<br>PLACE:   **21401 Burbank Blvd., Woodland Hills, CA 91367** |

This plan of reorganization (the Plan) under chapter 11 of the Bankruptcy Code provides for restructuring of the debts of the above-named Debtor. If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed. All Creditors should refer to Articles I-IV of this Plan for the precise treatment of their claims. A disclosure statement (the Disclosure Statement) that provides additional information is being served with this Plan. The Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

# Article I
# Treatment of Unclassified Claims

Under § 1123(a)(1)(i) administrative expense claims allowed under § 503(b) and entitled to priority under § 507(a)(2) (including the claims of professionals, United States trustee fees, and postpetition domestic support obligations; (ii) involuntary gap period claims under § 507(a)(3); and (iii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan. These claims shall be treated as follows:

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                                                       *Page  1*          **F 2081-1.PLAN**

  A. <u>Professional Fees</u>. Professional fees may only be paid upon application to and approval by the court. The Debtor will pay professional fees in full in cash on the later of (i) the Effective Date or (ii) upon court order, except to the extent that a holder of such claim agrees to other terms. Debtor will pay Tang & Associates its estimated fees of $15,000 on or before the effective date of the plan.   Debtor will also pay special counsel Liberty Bell Law Group PC an estimated fee of $40,000 on or before the effective date of the Plan from the settlement proceeds.

  B. <u>Other Administrative Claims</u>. The Debtor will pay other claims allowed under § 503(b) and entitled to priority under § 507(a)(2), including domestic support obligations arising postpetition[1] and United States trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms.[2]

  C. <u>Tax Claims</u>. The Debtor will pay claims entitled to priority under § 507(a)(8) in full in full on the Effective Date of the Plan. Payments will be made quarterly, due on the first day of the quarter, starting on the first such date after the Effective Date and ending on the last such date that is no more than 5 years after the entry of the order for relief.[3]

  Debtor will pay Internal Revenue Service priority claim of $16,804.62 in monthly installment of $560.13 over 30 months.   Debtor will also pay the Franchise Tax Board priority claim of $2,763.44 in monthly installment of $92.10 over 30 months.

  D. <u>Involuntary Gap Period Claims pursuant to § 507(a)(3)</u>. The Debtor will pay claims allowed under § 502(f) in full on, or as soon as practicable after, the Effective Date except to the extent a holder of such claim agrees to other terms.[4]

### Article II
### Classification and Treatment of Claims

**Classes 1(a)-(e): Priority Claims.**

  These impaired classes include allowed unsecured claims entitled to priority under § 507 (except administrative claims under § 507(a)(2), involuntary gap period claims under § 507(a)(3) and priority tax claims under § 507(a)(8), which are unclassified and treated in Article I). For instructions on voting, see Part 2 of the Disclosure Statement. If any Class does not vote to accept the Plan, then each claim in the non-accepting class will be paid in full on the Effective Date (except to the extent a holder of a claim in the class agrees to other terms). Creditors in Class 1 are treated as follows (*Check each box that applies*):

☒  Debtor has no creditors in Class 1

☐  Class 1(a): Unsecured domestic support obligation claims entitled to priority under § 507(a)(1).

☐  Class 1(b): Wage and commission claims entitled to priority under § 507(a)(4). The Debtor proposes to pay each claim in Class 1(b) in full over years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

---

[1]Section 1129(a)(14) requires payment of all domestic support obligations arising postpetition.
[2]Section 1129(a)(9)(A) requires payment in full of administrative expenses on the Effective Date.
[3]Payment of priority tax claims in full within 5 years of the petition date and on terms not less favorable than those accorded the most favored nonpriority creditor is required by § 1129(a)(9)(C) IF THE ABSOLUTE PRIORITY RULE APPLIES AND CLASS 6(B) VOTES TO REJECT THE PLAN, ADD THE FOLLOWING: "Accordingly, if Class 6(b) votes to reject the Plan and is paid in full over time, tax priority claimants will receive an interest rate of _____% and maturity on _____. This treatment is at least as favorable as that received by Class 6(b)."
[4]This treatment is required by § 1129(a)(9)(A).

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012      Page 2      F 2081-1.PLAN

☐ **Class 1(c):** Employee benefit plan contribution claims entitled to priority under § 507(a)(5). The Debtor proposes to pay each claim in Class 1(c) in full over ___ years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐ **Class 1(d):** Grain producer and fisherman claims entitled to priority under § 507(a)(6). The Debtor proposes to pay each claim in Class 1(d) in full over ___ years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐ **Class 1(e):** Consumer deposit claims entitled to priority under § 507(a)(7). The Debtor proposes to pay each claim in Class 1(e) in full over ___ years, with _____% postconfirmation interest per annum. Payments will be made in equal ☐ monthly ☐ quarterly amortizing installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

**Class 2: Secured claims on Debtor's principal residence.**

☒ Debtor has no creditors in Class 2

A.  Unimpaired secured claims on Debtor's principal residence. These classes include claims secured solely by the Debtor's principal residence. All arrearages shall be paid on, or as soon as practicable after, the Effective Date unless the holder of the claim agrees to other terms. Regular payments shall be made as they come due based on their respective governing loan documents, and except with respect to curing the arrearages, the Plan does not alter the legal, equitable or contractual rights of the creditor. The Debtor shall maintain current payments and the Plan must not otherwise alter the legal, equitable or contractual rights of the creditors to which that claim entitles the holder of the claim.

These classes are unimpaired and not entitled to vote on the Plan.

Class 2(a): Secured claim of: <u>N/A</u>
    Property address or description of collateral: _____
    Priority of lien: _____
    Total amount of allowed claim: $_____
    Amount of arrearages: $_____
    Regular monthly payment: $_____
Class 2(b): Secured claim of: <u>N/A</u>
    Property address or description of collateral: _____
    Priority of lien: _____
    Total amount of allowed claim: $_____
    Amount of arrearages: $_____
    Regular monthly payment: $_____

B.  Impaired secured claims on Debtor's principal residence. These classes of secured claims on the Debtor's principal residence are impaired and therefore, entitled to vote under the Plan. The arrearages in the sum of _____ shall be paid over <u>5</u> years with 0% interest. To cure the arrearages, the payments shall be made in ☐ monthly ☐ quarterly amortized installments beginning on the first day of each calendar ☒ month ☐ quarter after the Effective Date (Cure Payments). Ongoing payments shall be made as they come due based on their respective governing loan documents (Regular Payments). The claim will be paid in full as a secured claim in this class pursuant to § 1123(b)(5).

Class 2(c): Secured claim of: <u>. HSBC Bank USA, National Association c/o Wells Fargo Bank, N.A. as servicer</u>
    Property address or description of collateral: <u>3541 Eddingham Ave., Calabasas, CA 91302</u>
    Priority of lien: <u>First</u>
    Amount of arrearages: <u>$67,249.59</u>
    Total amount of allowed claim as of: <u>$842,987.55</u>

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                          Page 3                                          F 2081-1.PLAN

  ☒ Monthly ☐ quarterly Cure Payment amount: _____$1,120.82_____
  ☒ Monthly ☐ quarterly Regular Payment amount: _____$6,262.45_____

  Total ☒ monthly ☐ quarterly payments: _____$7,383.27_____
  Total amount of payments (over time) to satisfy the secured claim: _____according to contract_____
  Interest rate (to compensate creditor because claim is paid over time): _____according to contract_____
  First payment date: _____the 1st of the Month after the effective date of the Plan_____
  Amount of each installment: _____$7,383.27 for 12 months_____
  Frequency of payments: _____Monthly_____
  Total yearly payments: _____according to contract_____
  Final payment date: _____according to contract_____
  Monthly payments will be due on the first day of the month.

Class 2(d): Secured claim of: . Wells Fargo Bank N.A.
  Property address or description of collateral: _____3541 Eddingham Ave., Calabasas, CA 91302_____
  Priority of lien: _____Second_____
  Amount of arrearages: _____$821.66_____
  Total amount of allowed claim as of: _____$148,296.54_____
  ☐ Monthly ☐ quarterly Cure Payment amount: _____
  ☒ Monthly ☐ quarterly Regular Payment amount: _____$639.52_____

  Total ☒ monthly ☐ quarterly payments: _____$639.52_____
  Total amount of payments (over time) to satisfy the secured claim: _____according to contract_____
  Interest rate (to compensate creditor because claim is paid over time): _____according to contract_____
  First payment date: _____the 1st of the Month after the effective date of the Plan_____
  Amount of each installment: _____$639.52 for 12 months_____
  Frequency of payments: _____Monthly_____
  Total yearly payments: _____according to contract_____
  Final payment date: _____according to contract_____
  Monthly payments will be due on the first day of the month.

Class 2(e): Secured claim of: Internal Revenue Service
  Property address or description of collateral: 3541 Eddingham Ave., Calabasas, CA 91302
  Priority of lien: _____Third_____
  Total amount of allowed claim as of: _____$65,941.46_____
  Total amount of payments (over time) to satisfy the secured claim: $74,640
  Interest rate (to compensate creditor because claim is paid over time): 5%
  First payment date: _____the 1st of the Month after the effective date of the Plan_____
  Amount of each installment: $_____1,244.00_____
  Frequency of payments: _____Monthly_____
  Total yearly payments: $14,928
  Final payment date: _____1st of the 60th month after the effective date of the plan_____
  Monthly payments will be due on the first day of the month.


**Class 3: Unimpaired secured claims on property other than the Debtor's principal residence.**

  ☒ Debtor has no creditors in Class 3

  This class includes claims secured by a lien on property other than the Debtor's principal residence in which Debtor has an interest that is unimpaired under the Plan. Debtor will cure any default that occurred before or after the petition date in this case, reinstate the maturity of that claim as such maturity existed before the default, maintain current payments, and not otherwise alter the legal, equitable or contractual rights to which that claim entitles the holder of the claim. All arrearages shall be paid in full on, or as soon as practicable after, the Effective Date, unless the holder of the claim agrees to other terms. Regular payments made thereafter will be made when due under the documents governing claim.
  These classes are unimpaired and not entitled to vote on the Plan.

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012              Page  4              F 2081-1.PLAN

Class 3(a):  Secured claim of:_____
         Description of collateral:_____
         Priority of lien: _____
         Total amount of allowed claim: _____
         Amount of arrearages: _____
         Regular monthly payment: _____

Class 3(b):  Secured claim of: Not Applicable_____
         Description of collateral: _____
         Priority of lien: _____
         Total amount of allowed claim: _____
         Amount of arrearages: _____
         Regular monthly payment: _____

**Class 4: Unimpaired secured claims on Collateral to be Surrendered by Debtor.**

☒ Debtor has no creditors in Class 4

This class includes claims secured by a lien on property in which the Debtor has an interest that are unimpaired under the Plan. Debtor will not retain interest in such property(ies) and will surrender such collateral to the secured creditor: ☐ not later than Effective Date    ☐ by (*date*): _____
Class 4(a):  Secured claim of: Not Applicable_____
         Description of collateral:_____
Class 4(b):  Secured claim of: Not Applicable_____
         Description of collateral:_____

**Class 5: Impaired secured claims**

The following classes include claims secured by a lien on property in which Debtor has an interest, other than the secured claims in Class 2 and the unimpaired secured claims in Classes 3 and 4.

The secured portion of the following impaired class(es) shall be paid as set forth below. The arrearages in the sum of $_____ shall be paid over ____years with _____% interest. To cure the arrearages, the payments shall be made in ☐ monthly ☐ quarterly amortized installments beginning on the first day of each calendar ☐ month ☐ quarter after the Effective Date (Cure Payments). Ongoing payments shall be made ☐ as they come due based on their respective governing loan documents (Regular Payments), or ☐ in modified payments as described below. The amount of the claim, if any, in excess of the secured claim is an unsecured claim in Class 6. However, if the holder of a secured claim makes a timely and valid §1111(b) election, the claim shall be treated as a secured claim notwithstanding § 506(a).

The following chart lists Class 5 claims and their proposed treatment under the Plan:

Class 5(a):  Secured claim of:     Not Applicable_____
         Property address or description of collateral: _____
         Priority of lien: _____
         Amount of arrearages: $_____
         Total amount of allowed claim as of: _____
         ☐ monthly ☐ quarterly Cure Payment amount: $_____
         ☐ monthly ☐ quarterly Regular Payment amount: $_____
         Total ☐ monthly ☐ quarterly payments: $_____
         Total amount of payments (over time) to satisfy the secured claim: $_____
         Interest rate (to compensate creditor because claim is paid over time): _____%
         First payment date: _____
         Amount of each installment: $_____
         Frequency of payments: _____
         Total yearly payments: $_____
         Final payment date: _____
         Monthly payments will be due on the first day of the month.

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 5                                    F 2081-1.PLAN

If a secured creditor disputes the value of its collateral as stated above, that secured creditor must timely file an objection to confirmation of the Plan, or the value stated by Debtor may be determined to be the value of the collateral. The objection must be accompanied by competent evidence of valuation. If the value of the collateral is disputed, the court may schedule a separate hearing to determine value.

To the extent that certain creditors' claims are entitled to various amounts due because defaults are not cured or paid in full on or before the Effective Date, those classes of creditors are impaired and entitled to vote on the Plan. See Part 2 of the Disclosure Statement for instructions on voting.

**Class 6: General Unsecured Claims**.

☐ Class 6(a): Smaller Unsecured Claims. This class includes any allowed unsecured claim of $_____ or less and any allowed unsecured claim larger than $_____ but whose holder agrees to reduce its claim to $_____ . Each member of this class shall receive on the Effective Date, or as soon as practicable thereafter, a single payment equal to 100% of the allowed claim. This class is unimpaired and not entitled to vote on the plan.

☒ Class 6(b): Other General Unsecured Creditors. This class includes all allowed unsecured claims not in Class 6(a) and not entitled to priority. Each member of Class 6(b) shall be paid __2__ % of its claim over __5__ years in equal ☒ monthly ☐ quarterly installments, due on the first day of each calendar ☒ month ☐ quarter, ☐ with interest at the rate of _____% per annum ☒ without interest starting on the first such date after the Effective Date. If payments are not proposed as equal monthly installments, they will be paid as follows:

This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement.

Undisputed Class 6 claims, as of this date, are listed on Exhibit C to the Disclosure Statement.

## Article III
## Allowance and Disallowance of Claims

A. Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B. Delayed Distribution on Disputed Claims. No distribution will be made on account of that portion of a claim that is disputed unless it is allowed by final nonappealable order.

C. Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with FRBP 9019 unless the amount allowed by the compromise does not exceed $__1,000.00__ , in which case no court approval is necessary.

## Article IV
## Executory Contracts and Unexpired Leases

A. Executory Contracts and Leases Assumed. The Debtor assumes the executory contracts and unexpired leases enumerated in Exhibit E to the Disclosure Statement, effective upon the Effective Date, and shall perform all obligations thereunder, both preconfirmation and postconfirmation. Any preconfirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance. Postconfirmation obligations will be paid as they come due.

B. Executory Contracts and Leases Rejected. The Debtor is conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit E to the Disclosure Statement as of the Effective Date. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 6    F 2081-1.PLAN

must be filed no later than 30 days after the date of the order confirming this Plan. Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 6, except to the extent this court orders otherwise.

## Article V
## Means of Implementation

The Plan will be funded through (*Check each box that applies*):

a. ☒ $62,800 of cash available on the date of the Plan confirmation hearing;

b. ☐ A sale of the following property (*describe*)

described in the Plan, which the Debtor estimates will produce $_____ ;

c. ☒ additional cash from projected disposable income (projected to be $535.74 /month for the 5 year(s)[5] following confirmation); and/or

d. ☒ other sources of funding, as follows: **Lawsuit Against UCSD**.   Debtor will receive $60,000 net of attorney fees from the settlement of the lawsuit against UCSD.   This amount is included in the $62,800 available on the effective date of the Plan.

Please see Part 3 of the Disclosure Statement for further details of these projections.

## Article VI
## Discharge and Other Effects of Confirmation

A. Discharge. Upon completion of all payments under the Plan, the Debtor shall receive a discharge of all preconfirmation debts, whether or not the creditor files a proof of claim, or accepts the Plan, unless the court orders otherwise. Such discharge will not discharge Debtor from any debts that are nondischargeable under § 523 or the obligations created by this Plan.

B. Vesting of Property. On the Effective Date, all property of the estate will vest in the reorganized debtor pursuant to § 1141(b), free and clear of all claims and interests except as provided in the Plan.

C. Plan Creates New Obligations. Except as otherwise stated in the Plan, the payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

D. Creditor Action Restrained. Creditors may not take any action to enforce either preconfirmation obligations or obligations due under the Plan, so long as the Debtor is not in material default under the Plan. If the Debtor is in material default under the Plan, affected creditors may: (i) take any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or to convert this case to a chapter 7 bankruptcy case.

E. Material Default Defined. If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default. The Debtor is in material default under the Plan if the Debtor fails within 21 days of the service of such notice of default, plus 3 additional days if served by mail, either: (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

F. Retention of Jurisdiction. This court retains jurisdiction until all Plan payments have been made.

## Article VII

---

[5] This number should match the number of years selected for payments made to creditors under the plan and the number of years of projected disposable income calculated in Part 3.C. of the Disclosure Statement.

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 7    F 2081-1.PLAN

### General Provisions

    A. <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in the Plan.

    B. <u>Effective Date of Plan</u>. The Effective Date of the Plan is 14 days following the date of the entry of the order confirming the Plan. But, if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

    C. <u>Cramdown</u>. Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b).

    D. <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

    E. <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

    F. <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or FRBP), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

    G. <u>Final Decree</u>. Pursuant to FRBP 3022, a Final Decree may not be entered until a bankruptcy case is fully administered. The court may, however, allow a Final Decree to be entered at an earlier date if requested in Miscellaneous Provisions (below), or for cause shown.

    H. <u>Miscellaneous Provisions</u>: _____

Date: 1/15/20

By: _____
Signature of Debtor

Name: __Amir Elosseini_____
Printed name of Debtor

Date: 1/15/20

By: ___/s/ Kevin Tang_____
Signature of attorney for Debtor, if any

Name: ___Kevin Tang_____
Printed name of attorney for Debtor, if any

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012      Page 8      F 2081-1.PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.   My business address is:
**18377 Beach Blvd, Suite 211, Huntington Beach, CA 92648**

A true and correct copy of the foregoing document entitled (*specify*):   **INDIVIDUAL DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **1/18/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**ATTORNEY FOR DEBTOR: Kevin Tang on behalf of Attorney Tang & Associates**
**kevin@tang-associates.com,**
**kevintang@ecf.courtdrive.com,tangassociates@jubileebk.net;tangkr88411@notify.bestcase.com**
**David Miller on behalf of Special Counsel Liberty Bell Law Group PC**
**mayrabustamante@libertybelllaw.com, davemiller@libertybelllaw.com**

**ATTORNEY FOR UNITED STATES TRUSTEE: Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV)**
**kate.bunker@usdoj.gov**
**United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov**

**CREDITORS:**
**Edward A Treder on behalf of Interested Party Courtesy NEF cdcaecf@bdfgroup.com**
**Darlene C Vigil on behalf of Creditor HSBC Bank USA, National Association cdcaecf@bdfgroup.com**

☐ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On **1/18/2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Secured Creditors, Twenty Largest Unsecured Creditors, and all other interested parties.**

☒ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy:   Honorable Victoria Kaufman, 21041 Burbank Blvd., Suite 354, Woodland Hills, CA 91367**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/18/2020 | Judith Valenzuela | /s/ Judith Valenzuela |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 9    **F 2081-1.PLAN**

```
Label Matrix for local noticing         Liberty Bell Law Group PC                Tang & Associates
0973-1                                   20350 Ventura Blvd. Ste 320              901 S Figueroa St Ste 4050
Case 1:17-bk-13142-VK                    Woodland Hills, CA 91364-2452            Los Angeles, CA 90015
Central District of California
San Fernando Valley
Fri Jan 17 01:30:11 PST 2020

San Fernando Valley Division             American Express                         American Express
21041 Burbank Blvd,                      PO BOX 297871                            c/o Michael & Associates
Woodland Hills, CA 91367-6606            Fort Lauderdale, FL 33329-7871           555 St. Charles Drive, Ste 204
                                                                                  Thousand Oaks, CA 91360-3992


American Express Bank, FSB               American Express Centurion Bank          (p)AMERICAN HONDA FINANCE
c/o Becket and Lee LLP                   c/o Becket and Lee LLP                   P O BOX 168088
PO Box 3001                              PO Box 3001                              IRVING TX 75016-8088
Malvern  PA 19355-0701                   Malvern  PA 19355-0701


Bank of America                          (p)BANK OF AMERICA                       Bank of America, N.A.
PO BOX 2292                              PO BOX 982238                            P O Box 982284
El Paso, TX 79952-2292                   EL PASO TX 79998-2238                    El Paso, TX 79998-2284


Barrett Daffin Frappier Treder &         Chase/Bank One Card Serv                 Daimler Trust
Weiss, LLP                               PO BOX 15298                             c/o BK Servicing, LLC
20955 Pathfinder Rd., Ste 300            Wilmington, DE 19850-5298                PO Box 131265
Diamond Bar, CA 91765-4029                                                        Roseville, MN 55113-0011


FRANCHISE TAX BOARD                      Franchise Tax Board                      HSBC Bank USA, National Association
BANKRUPTCY SECTION MS A340               PO BOX 942867                            c/o Wells Fargo Bank, N.A. as servicer
PO BOX 2952                              Sacramento, CA 94267-0001                Attn: Default Document Processing
SACRAMENTO CA 95812-2952                                                          1000 Blue Gentian Road, N9286-01Y
                                                                                  Eagan MN 55121-7700

(p)INTERNAL REVENUE SERVICE              Internal Revenue Service                 MB Financial Services
CENTRALIZED INSOLVENCY OPERATIONS        PO BOX 7346                              PO BOX 961
PO BOX 7346                              Philadelphia, PA 19101-7346              Roanoke, TX 76262-0961
PHILADELPHIA PA 19101-7346


United States Trustee (SV)               Wells  Fargo Bank N.A.                   Wells Fargo Bank
915 Wilshire Blvd, Suite 1850            1 Home Campus  X2303-01A                 PO BOX 31557
Los Angeles, CA 90017-3560               Des Moines IA  50328-0001                Billings, MT 59107-1557


Wells Fargo Bank PCM                     Wells Fargo Bank, N.A.                   Wells Fargo Bank, N.A.
PO BOX 94435                             435 Ford Road, Suite 300                 Wells Fargo Card Services
Albuquerque, NM 87199-4435               St. Louis Park, MN 55426-4938            PO Box 10438, MAC F8235-02F
                                                                                  Des Moines, IA 50306-0438


Wells Fargo Card Serv                    (p)WELLS FARGO BANK NA                   Amir Elosseini
PO BOX 14517                             WELLS FARGO HOME MORTGAGE AMERICAS SERVICING   7316 Newcastle Ave
Des Moines, IA 50306-3517                ATTN BANKRUPTCY DEPT MAC X7801-014       Reseda, CA 91335-3245
                                         3476 STATEVIEW BLVD
                                         FORT MILL SC 29715-7203
```

David Miller
LibertyBell Law Group PC
20350 Ventura Blvd Ste 230
Woodland Hills, CA 91364-2487

Kevin Tang
Tang & Associates
18377 Beach Blvd
Suite 211
Huntington Beach, CA 92648-1349

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

American Honda Finance Corporation
National Bankruptcy Center
P.O. Box 168088
Irving, TX 75016-8088

Bank of America
PO BOX 982238
El Paso, TX 79998-2235

Internal Revenue Service
Insolvency Group 5
300 N. Los Angeles, St
M/S 5022
Los Angeles, CA 90012

Wells Fargo Home Mortgage
8480 Stagecoach Cir
Frederick, MD 21701

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(u)HSBC Bank USA, National Association

End of Label Matrix
Mailable recipients    31
Bypassed recipients     2
Total                  33